# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Eugene Pullen,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-15-01661-PHX-SPL (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Kevin Eugene Pullen has filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 4.)

## I. SUMMARY OF CONCLUSION

Petitioner was convicted of sexual abuse of a minor and attempted sexual abuse of a minor on December 7, 1990. This conviction was affirmed by the Arizona Court of Appeals on October 31, 1991. Petitioner filed his initial Petition in this case on August 24, 2015, well past the time imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (ADEPA). No statutory tolling of the statute of limitations occurred because Petitioner failed to file a Notice of Post-Conviction Relief. Further, equitable tolling is inapplicable because Petitioner does not attempt to justify his delay. For the reasons that follow, the Court concludes that Petitioner's claim is untimely. Therefore, the Court will recommend that the Petition be denied or dismissed with prejudice.

## II. BACKGROUND

On February 28, 1990, Petitioner was indicted by the State of Arizona Superior Court (Doc. 12-1, Ex. A, at 1-3.) On December 7, 1990, the trial court sentenced Petitioner to 15 years of imprisonment (Count 1) to be followed by lifetime probation (Count 5). (Doc. 12-1, Ex. F, at 42-43.)

### a. Facts

The presentence report gives the following factual background:

> In the late evening hours of January 12, 1990, the defendant molested [D.C.], age seven. The offense took place at 2060 West Pecos, in Chandler, where the defendant was residing with [M.S.]. On the night of the offense, [M.S.] had put the girls to bed in the spare bedroom and then went to bed himself. Information provided to Chandler Police Detective Dave Neuman by the victim, relates the following.
> After [M.S.] went to bed, the defendant came into the bedroom where the girls were sleeping and told them to come out into the living room with him. The girls went into the living room and laid down with the defendant between them with his back to the younger girl. The defendant began kissing the victim on the lips, then proceeded to kiss and suck the victim's breasts. He then began to rub her vaginal area with his hand and attempted to penetrate her vagina with his finger. She reports that he then starting kissing and sucking her vaginal area and proceeded to touch the area with his penis, with the victim being unable to specify if he penetrated. The defendant then ejaculated on the victim's leg, and the victim then went to the bathroom and cleaned off her leg after which the defendant instructed her not to tell her mother what had happened or there would be trouble.

(Doc. 12-1, Ex. H, at 126.)

On September 24, 1990, Petitioner entered a plea of no contest to one count of sexual abuse and one amended count of attempted sexual abuse. (Doc. 12-1, Ex. E, at 21-37.)

### b. Appeal

On December 11, 1990, Petitioner filed a timely notice of appeal. (Doc. 12-1, Ex. I.) Petitioner's counsel filed an opening brief consistent with *Anders v. California*, 386 U.S. 738 (1967), stating that counsel found "no arguable question of law." (Doc. 12-1, Ex. J, at 142.) Petitioner filed supplemental briefing alleging that (1) the trial court

improperly considered a 1988 felony conviction when sentencing Petitioner; and (2) Petitioner had not received adequate psychiatric counseling related to his sentence of probation for his 1988 conviction. (Doc. 12-1, Ex. K, at 150-74.) On October 31, 1991, the Arizona Court of Appeals affirmed the trial court's judgments and sentences, finding Petitioner's arguments without merit. (Doc. 12-1, Ex. L, at 163-65.) The Court of Appeals held that the trial court acted within its wide discretion in finding multiple aggravating factors and sentencing Petitioner within the statutory limits and in accordance with his plea agreement. (*Id.* at 163-64.) Furthermore, the Arizona Court of Appeals held that Petitioner's "failure to receive counseling was due to his own negligence." (*Id.* at 165.)

### c. Petitioner's Prior Federal Habeas Petition

On September 4, 2014, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, and later filed an amended petition. (*Pullen v. Ryan et al*, CV14-01935-PHX-SPL (JZB), Docs. 1, 7.) On February 17, 2015, this Court dismissed the amended petition without prejudice for failure to file and serve notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. (*Pullen*, Docs. 18, 19.)

### d. Petitioner's Current Federal Habeas Petition

On August 24, 2015, Petitioner filed a new Petitioner for Writ of Habeas Corpus in this Court. (Doc. 1.) On September 14, 2015, the Court dismissed the Petition to add additional respondents. (Doc. 3, at 1-2.) Petitioner filed an Amended Petition on October 10, 2015. (Doc. 4.) In the Amended Petition, Petitioner raises the following ground for relief:

> 1. Sentence of lifetime probation-lifetime probation running consecutive to 15 [year] sentence [is] illegal because a violation of probation results in [an] additional prison term to 15 [years]-stem from [the] same act and indictment which at [the] time of [the] act and sentencing called for concurrent terms—violations include: 5th/6th/8th/9th Amendments.

(Doc. 4, at 6.)

On January 12, 2016, this Court ordered Respondents to answer the Amended

Petition, but permitted Respondents to file an answer limited to affirmative defenses. (Doc. 6.)

### III. THE PETITION

The Writ of Habeas Corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 I.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] 28 U.S.C. § 2244.

#### a. The Petition is Untimely.

##### i. Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of the AEDPA. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of habeas corpus in federal court. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).

On October 31, 1991, the Arizona Court of Appeals affirmed Petitioner's sentence issued by the trial court. (Doc. 12-1, Ex. L, at 163.) Petitioner then had 30 days to file a petition for discretionary review with the Arizona Supreme Court. Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court . . . ."). Because Petitioner did not file a petition for review, the judgment became final on November 30, 1991. *See*

---

[1] The AEDPA applies only to those cases that were filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

- 4 -

*Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . ."). Petitioner's conviction was final before the AEDPA's effective date, which was April 24, 1996. As a result, Petitioner had until April 24, 1997, to file a habeas petition in federal court or to toll the limitations period with a properly filed PCR petition. *See Patterson*, 251 F.3d at 1246. Petitioner filed his first habeas petition on September 4, 2014. Absent statutory or equitable tolling, Petitioner's habeas petition is untimely.

### ii. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004); *see also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.")

Petitioner did not file a notice of post-conviction relief. Statutory tolling is not warranted in this case.

### iii. Equitable Tolling

Petitioner does not assert grounds for equitable tolling, nor can the Court find tolling in the record. "A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (internal citations omitted). The petitioner bears the burden of showing the equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046,

1048-49 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Here, Petitioner does not claim he is entitled to equitable tolling, nor has he suggested an extraordinary circumstance that would justify equitable tolling. Petitioner only asserts that the AEDPA's one-year statute of limitations does not apply to his case because his sentence became final prior to the AEDPA's enactment. As articulated above, the AEDPA's one-year statute of limitations applies to final judgments occurring prior to the AEDPA's enactment.  Petitioner's claim was not filed before April 24, 1997, and is untimely.

**CONCLUSION**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011); *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will therefore recommend that the Amended Petition for Writ of Habeas Corpus (Doc. 4) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 13th day of June, 2016.

Honorable John Z. Boyle
United States Magistrate Judge